United States District Court

District of Connecticut

FILED
2003 NOV 26 P 3:56

James McKinnon    case no. 3:03CV260 (AWT)
100 770
Plaintiff

November, 21, 2003

v.

Thomas Hunt, ETal
John LaHDa

Defendants' Individual Capacity

Plaintiff motion to respond to court ordered Dated november 21, 2003 also to AmeDeD Compliant Plaintiff attached motion to amend Complaint to add Federal Rule 28, C.F.R. § 35.190 an ADA claim, also to Amendment the short & Concise statement of material Facts Federal Rule 15(a)(b).

1. Plaintiff James McKinnon prose Request Respectfully for permission to file this short amended Complaint in this case for Exhibits of material fact Submitted.    by x James McKi——
James McKinnon prose
900 Highland Avenue
Cheshire Connecticut
06410

2. plainTiff is a disabled prisoner and have greater rights under The Americans with Disabilities Act of 1990 (ADA) please see, 42. U.S.C. § 12101 eTseq

3. which provides That as of January 1992 no Qualified individual with a disability shall, by reason of Such disability be excluded from participation in or be deniend The benefits of The services programs, or be denied The activities of a public entity; please see, 42. U.S.C. § 12132.

4. Previously This ban on discrimination against The disabled applied only To federaly funded agencies under Section 504 of The Rehabilitation Act of 1973, please see, That statute provides, no otherwise qualified individual shall solely by reason of his handicap, be excluded from The participation in, be denied The benefits of, or be subjected To discrimination under any reason program or activity receiving federal financial assistance or under any program or acTiTy conducTed by any ExecuTive agency" 29 U.S.C. § 794 Congress has made iT clear That any governmenTal deparTmenT or agency receiving federal money is subjeTed To The RehabiliTaTion AcT in all iTs operations even if The particular program in dispute does noT receive such funds. please see, Schroeder v. CiTy of Chicago, 927 F. 2d 957, 962 (7Th Cir 1991).

By x /s/ James McKinnon
James McKinnon pro se
900 Highland Avenue
Cheshire Conneticut
06410

5. The ADA extends plaintiff to all "public entites" whether or not they get federal money, there is little case law under the ADA because it is so new, but Rehabilitation Act cases will probably be used as guides to interpretation of the ADA on many issues. if your case arose before the ADA went into effect you will have to rely on the Rehabilitation Act, a public entity is defined in the ADA as including any state or local government "or any department, agency special-al purpose district, or other instrumentality of a state or states or local goverment, please see, 42 U.S.C. § 12131(1)(A,B) emphasis supplied

6. This definition clearly includes correction departments and other agencies that operate prisons and jails, please see, Clarkson v. Coughlin 145 F.R.D. 339, 348 (S.D.N.Y. 1993)(permitting prisoners to amend complaint to add an ADA claim). Also the federal regulations issued under the ADA acknowledge this point by identifying the Department of Justice as the agency that is to implement compliance procedure concening state and local correctional facilities, 28, C.F.R. § 35,190. Also there is no dispute that the Rehabilitation Act applies to prisons. please see, Harris v. Thigpen 941 F.2d 1495, 1521-22 (11th Cir 1991) Bonner v. Lewis 857 F.2d at 561-64, Casey v. Lewis, 773 F. Supp. at 1370-72.

By: /s/ James McKinnon
James McKinnon Prose
900 Highland Avenue
Cheshire CT 06410

7. This definition is comparable to the definition of "handicap" under the Rehabilitation Act; please see, 29 U.S.C. § 706(7)(B).

8. So Rehabilitation Act case law on the point will be very relevant in ADA case, under the Rehabilitation Act, people with infectious diseases are considered handicapped; plaintiff has, inflammation of the liver a virus diseas name Hepatitis "C", please see; School Bd. of Nassau County v. Arline, 480 U.S. 273, 282-86, 107 S.CT. 1123 (1987).

9. This category includes inmates infected with HIV the AIDS virus). please see, Harris v. Thigpen, 941 F.2d at 1522-24 Casey v. Lewis, 773 F.Supp. at 1370-72. plaintiff is infected with virus).

10. Congeress intended the ADA to cover such persons as well. please see, S. Rep. No. 116. 101 st Cong. 2d Sess, pt. 3, 28 (1990) cited in Borgdorf, The Americans with Disabilites Act: Analysis and Implications of a Second Generation Civil Rights Statute, 26 Harvard Civil Rights Civil Liberties Law Review 413, 447 n. 175 (1991).

By x James McKinnon
James McKinnon pro se
900 Highland Avenue
Cheshire, CT 06410

11. Under the Rehabilitation Act the courts disagreed whether damages were available. Compare Smith v. Barton, 914 F.2d at 1337-38 (holding damages are available, with Eastman v. Virginia Polytechnic Institute, 939 F.2d 204, 207-09 (4th Cir. 1991)(holding damages unavailable). However the Supreme Court has recently held that there is a presumption that if a federal statute creates a private case of action, damages are available. Please see; Franklin v. Gwinnett County Public Schools, 503 U.S. 112 S.CT 1028, 1034-35(1992). We believe that this holding should apply to the ADA. In addition, the federal regulations, in providing that states are not entitled to immunity from suit for ADA violations, in providing that states are not entitled to immunity from suit for ADA violations, refers to remedies both at law and in equity" 28 C.F.R. § 35.178.

By: James McKinnon
James McKinnon, pro se
400 Highland Avenue
Cheshire CT 06410

## Certification

James McKinnon
   100 770
   Plaintiff

V.

Thomas Hunt; ETal
John LaHDa
Defendants Individual Capacity

Plaintiff above certifces through this attachment on this 21th day of november, 2003 this claim to be True and To the best of my ability affirmed.

Deputy Clerk miss, Mary E. Larsen
United States District Court
915, Lafayette Boulevard
Bridgeport Connecticut
            06604

By: *James Lee McKinnon*
James Lee McKinnon pruse
900 Highland Avenue
Cheshire CT 06410