UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 NOV 24  P 4: 07
US DISTRICT COURT
HARTFORD CT

JAMES MCKINNON

v.                               Case No.  PRISONER
                                 3:03CV260 (AWT)

THOMAS HUNT and
JOHN LAHDA

## RULING AND ORDER

The plaintiff, who is currently incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut, filed this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. The plaintiff claims that he has an Eighth Amendment right to one hour of exercise per day. He claims that the defendants have denied him the opportunity to exercise for forty-eight days. The plaintiff's amended complaint contains no request for relief, but rather refers the court to the body of the complaint. The body of the complaint includes a request for monetary damages.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has held that this provision requires an inmate to exhaust administrative remedies before filing any type of action in federal court, see Porter v. Nussle, 534 U.S. 516, 532 (2002), regardless of whether the inmate

may obtain the specific relief he desires through the administrative process. See Booth v. Churner, 532 U.S. 731, 741 (2001). This requirement of complete exhaustion of administrative remedies must be satisfied before a federal action is commenced. See Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001) (holding that an inmate may not avoid the requirements of 42 U.S.C. § 1997e(a) by exhausting administrative remedies after filing a civil rights action in federal court).

The plaintiff's complaint is dated February 2, 2003, and was received by the court on February 6, 2003. On August 18, 2003, the court issued an order directing the plaintiff to file an amended complaint accompanied by evidence that the plaintiff had exhausted his administrative remedies prior to filing this lawsuit. On September 9, 2003, the plaintiff filed his amended complaint.

Attached to the amended complaint are two inmate request forms dated January 22, 2003 and January 24, 2003, each from the plaintiff and addressed to a Counselor Waterford. Both requests seek information concerning the plaintiff's claim that he had not been participating in outside recreation for forty-eight days. The second request includes a response dated January 24, 2003. The staff member indicates that he or she spoke to Mr. Hunt who indicated he was unaware the plaintiff's unit was not participating in outside recreation and that he would look into the matter.

The plaintiff also attaches a letter from a grievance

coordinator dated March 24, 2003. That letter references two grievances filed by the plaintiff concerning "O.S. rec." (See Attachments to Compl. at 6.) The grievance coordinator notes that he or she only received one grievance from the plaintiff and that the grievance was denied on February 26, 2003. The grievance coordinator did not receive an appeal of that grievance from the plaintiff. The plaintiff does not attach any grievances or appeals of any grievances. Thus, it is not clear that the plaintiff fully exhausted his administrative remedies as to his claim that he was denied outside recreation. In addition, even if the plaintiff had alleged that he had appealed the denial of his grievance, based on the evidence submitted by the plaintiff and the date the plaintiff filed his complaint, it is apparent that the plaintiff could not have exhausted his administrative remedies prior to filing this lawsuit.

Accordingly, the amended complaint is hereby **DISMISSED** without prejudice for failure to exhaust administrative remedies before filing suit. See 28 U.S.C. § 1997e(a). The plaintiff may refile this action after he exhausts his administrative remedies.

SO ORDERED this 24th day of November 2003, at Hartford, Connecticut.

```
                                    _____
                                    Alvin W. Thompson
                                    United States District Judge
```