United States District Court

FILED

2005 AUG 24 P 4: 32

U.S. DISTRICT COURT
BRIDGEPORT, CONN

District of Connecticut

James McKinnon
Plaintiff

v.

Thomas Hunt, ETAL
Defendants Individual Capacity

Civil, no. 303, CV260 (AWT)

August 19, 2005

Plaintiff motion The court To Issued This Subpoena in Civil Case, with Support of memorandum of Low in Support

Plaintiff James McKinnon prose moves this court To subpoena for request The production or inspection of Level A-B grievance's That are also Exhaustion of Remedies IGP, no.

Monroe V. Pope, 365 U.S. 167, 183, 81 S. CT 473 (1961)

By x [signature]
James McKinnon

AO 88 (Rev. 1/94) Subpoena in a Civil Case

United States District Court 915, Lafayette Boulevard Bridgeport

**Issued by the**

**UNITED STATES DISTRICT COURT**

DISTRICT OF Connecticut

James McKinnon
Plaintiff

V.

Thomas Hunt, ETAL

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: Civil 303,CV260 (AWT)

TO: Don Hebert Counselor

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District Court<br>District of Connecticut<br>915, LaFaYette BLVD<br>Brideport CT, 06604 | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): requesting grievance no #136-03-077 Level B with disposition that are in your control at garner Correctional Center, Also copy of CN9602 with complaint Also 136-03-077

| PLACE | DATE AND TIME |
|---|---|
| United States District Court 915, LaFaYette BLVD Bridgeport CT 06604 | |

☑ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| requesting grievance was submitted on 1/12/03 and (136-03-078) submitted (136-03-078) | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| James Lee McKinnon | August 19, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Mr. Don Hebert Counselor

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

MANDATE

03-cv-260
Thompson, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 18th day of March two thousand and five,

Present:

Hon. Jon O. Newman,
Hon. Richard C. Wesley,
Hon. Peter W. Hall,
*Circuit Judges.*

UNITED STATES COURT OF APPEALS
FILED
MAR 18 2005
Roseann B. MacKechnie, CLERK
SECOND CIRCUIT

James McKinnon,

Plaintiff-Appellant,

v. 04-0281-pr

Thomas Hunt, John Lahda,

Defendants-Appellees.

Appellant, *pro se*, moves for appointment of counsel and *in forma pauperis* status. Upon due consideration, it is ORDERED that the motion for *in forma pauperis* status is denied as unnecessary because the district court granted and did not thereafter revoke *in forma pauperis* status. The motion for appointment of counsel is denied and the appeal is dismissed because the appellant's challenge to the district court's judgment, dismissing without prejudice to exhaustion of administrative remedies, lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); 28 U.S.C. § 1915(e). The appellant remains free to renew his claim in the district court after completion of exhaustion of prison administrative remedies.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

MAR 18 2005

By: Lucille Carr

A TRUE COPY
ROSEANN B. MacKECHNIE, CLERK

USCA SAO-FS

ISSUED AS MANDATE: APR 15 2005



# STATE OF CONNECTICUT

***DEPARTMENT OF CORRECTION***

**Garner CI**

**50 Nunnawauk Road**
**NEWTOWN, CONNECTICUT 06470**

December 17, 2004

Mr. James Lee McKinnon #100770
Corrigan /Radgowski C. I.
986 Norwich – New London Turnpike
Uncasville, CT 06382

Dear Mr.McKinnon,

This will acknowledge receipt of you letter requesting documentation pursuant to Freedom of Information Act.

The requested information will be gathered and reviewed and upon completion, you will be responded too accordingly.

Please be advised that no inmate will be considered indigent for the purpose of calculating fees associated with the production of documents requested under the Freedom of Information Act.

Thank you for your patience in this matter.

Sincerely,

Don Hebert
Counselor

### *Exercise and recreation*

Prisoners must be given the opportunity to exercise.[52] One hour per day of exercise in a suitable area—such as "a small, enclosed yard, open to the sky"—satisfies the requirements of the Eighth Amendment.[53] However, "an occasional day without exercise when weather conditions preclude outdoor activity" does not violate the Eighth Amendment.[54] Therefore, prisons need not provide indoor exercise areas in addition to outdoor exercise areas "to assure opportunity for vigorous exercise during inclement weather."[55]

Prison officials cannot take away a prisoner's exercise privileges for a substantial amount of time without a good reason. "Restrictions on exercise must be limited to 'unusual circumstances,' or circumstances in which exercise is 'impossible' because of disciplinary needs."[56] Indeed, "the fact that an inmate is violent may justify segregating him or her from the general prison population, but does not necessarily justify a prison's failure to make 'other exercise arrangements.'"[57] In addition, "prisons may not invoke cost considerations in denying prisoners the opportunity to exercise."[58]

Prisoners' right to exercise does not require prisons to provide game or weight equipment for indoor or outdoor exercise areas, since "reliance on running, calisthenics, and isometric and aerobic exercises" satisfies the exercise requirements of the Eighth Amendment.[59] Prisons need only provide sufficient time and space.

Prisoners also have a limited right to communication or mental stimulation. Prisoners cannot be forced to go for very long periods of time without "reading matter [or] communication with other prisoners."[60] Note, however, that isolation or removal of an inmate's privileges for a short period of time—a few days—does not violate the Eighth Amendment. According to the courts, "[e]nforced isolation and boredom are permissible methods of discipline, although they might not remain so if extended over a long period of time."[61]

Prisoners have no right under the Eighth Amendment to participate in work or education programs. The Supreme Court has stated that "limited work hours and delay before receiving education do not inflict pain, much less unnecessary and wanton pain; deprivations of this kind simply are not punishments."[62]

Mgmt Grp

52. *See* Williams v. Greifinger, 97 F.3d 699, 704 (2d Cir. 1996); Anderson v. Coughlin, 757 F.2d 33, 35 (2d Cir. 1985) ("Some opportunity for exercise must be afforded to prisoners.").
53. *See* Sostre v. McGinnis, 442 F.2d 178, 186 (2d Cir. 1971) (en banc).
54. Anderson v. Coughlin, 757 F.2d 33, 36 (2d Cir. 1985).
55. *Id.*
56. Williams v. Greifinger, 97 F.3d 699, 704 (2d Cir. 1996) (citations omitted).
57. *Id.* at 704-05 (quoting Mitchell v. Rice, 954 F.2d 187, 192 (4th Cir. 1992)).
58. *Id.* (citing Mitchell v. Rice, 954 F.2d 187, 192 (4th Cir. 1992)).
59. Anderson v. Coughlin, 757 F.2d 33, 36 (2d Cir. 1985).
60. LaReau v. MacDougall, 473 F.2d 974, 978-79 n.7 (2d Cir. 1972), (explaining Sostre v. McGinnis, 442 F.2d 178 (2d Cir. 1971) (en banc)).
61. *Id.* at 978.
62. Rhodes v. Chapman, 452 U.S. 337, 348 (1981).

1. PlainTiFF James mcKinnon prose moves This courT respecTFully in This complainT.

2. PlainTiFF ConTend ThaT FacTs are So over wheming in SupporT oF allegaTions which he Forwarded in The interesT oF jusTice A grievance procedure is supposed To meeT cerTain sTaTulory requiremenT To be accepTable ExhausTion oF Remedies.

By x James McKinnon
James McKinnon

## CerTificaTion

PlainTiFF cerTiFy Through This aTTachmenT ThaT This claim to be True on This 19, Day oF AugusT 2005

DefendanTs Individual CapaciTy
THomas HunT, ETAL
John LaHDa
michael Lajoie
James murdoch
Korch
Discordio
Howe

PlainTiFF
By x James McKinnon
James mcKinnon prose
Corrigan CorrecTional
986, Norwich New London
Uncasville CT 06382